# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**PABLO AIR CHARTER, LLC, f/k/a
TAC CHARTER SERVICES, LLC, A
PENNSYLVANIA LIMITED LIABILITY
COMPANY,**

        **Plaintiff,**

                                **Case No. 2:23-cv-2629**
      **v.**                        **Judge Edmund A. Sargus, Jr.**
                                **Magistrate Judge Chelsey M. Vascura**

**UNITED STATES OF AMERICA,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant United States of America's Motion to Dismiss the Complaint of Plaintiff Pablo Air Charter, LLC. (ECF No. 8.) For the reasons below, the Court **GRANTS** the United States' Motion.

## BACKGROUND

This case concerns the disposal of a certificate authorizing operation of an aircraft after a private business deal went awry.

Plaintiff Pablo Air Charter, LLC purchased Island Seas, LLC from Ms. Kristine Black. (Compl., ECF No. 1, ¶¶ 16–17.) Ms. Black was the sole member and principal of Island Seas, and her husband, Charles, was Island Seas' sole "pilot in command" ("PIC")—a role mandated by the Federal Aviation Administration. (*Id.* ¶ 18.)

As part of the transaction, Pablo Air received an operating certificate (the "Certificate") from Island Seas. (Compl., ECF No. 1, ¶¶ 1, 16–17.) This "14 CFR Part 135" Certificate permitted Pablo Air to operate certain commercial aircrafts. 14 C.F.R. §§ 119.23(b), 135.1(a)(1). Pablo Air purchased this Certificate alongside Island Seas' Cessna 414 aircraft, which it intended to operate

"under new ownership and under a new exclusive use dry lease agreement." (Compl. ¶¶ 17, 20.) The Certificate permitted Pablo Air to operate the Cessna 414 aircraft. (*Id.*)

During the businesses' transition period, Pablo Air's dealings with Mr. and Ms. Black turned sour. (*Id.* ¶ 24.) Eventually, Pablo Air submitted a proposed replacement PIC to the FAA and terminated Mr. Black. (*Id.* ¶¶ 26–28.) Without authority to do so, Mr. Black surrendered the Certificate to FAA Inspector Elizabeth Swingle. (*Id.* ¶¶ 29–34.) Inspector Swingle accepted the Certificate and made the surrender "effective immediately." (*Id.* ¶ 34.) Because the Certificate had been surrendered, Pablo Air was prohibited from operating the Cessna 414 it purchased from Island Seas. (*Id.* ¶¶ 35–37.) The situation was investigated by the FAA's Office of the Chief Counsel and the office concluded that Mr. Black was unauthorized to surrender the Island Seas Certificate. (*Id.* ¶ 37.)

Pablo Air initially filed an administrative claim with the Federal Aviation Administration, which was denied. (*Id.* ¶¶ 9–10.) Subsequently, Pablo Air filed this action asserting claims of negligence and conversion based on the facts stated above. (*Id.* ¶¶ 39–61.)

The United States moves to dismiss Pablo Air's Complaint, arguing that it is entitled to sovereign immunity and this Court lacks subject-matter jurisdiction over the case. (Def. Mot., ECF No. 8.) Pablo Air filed a response in opposition (Pl. Resp., ECF No. 14), and the United States replied (Reply, ECF No. 15). This matter is ripe for the Court's review.

### STANDARD OF REVIEW

A Rule 12(b)(1) motion is a procedural attack on a plaintiff's complaint which alleges that the Court does not have subject matter jurisdiction over the plaintiff's claims. In "[a] facial attack [under Rule 12(b)(1)] . . . [the motion] merely questions the sufficiency of the pleading." *Ndiaye v. CVS Pharm., 6081*, 547 F. Supp. 2d 807, 810 (S.D. Ohio 2008) (citing *Ohio Nat'l Life Ins. Co.*

*v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990) (explaining how motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: facial attacks or factual attacks)). "When reviewing a facial attack, a district court takes the allegations in the complaint as true." *Glob. Tech., Inc. v. Yubei (Xinxiang) Power Steering System Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (internal citations and quotations omitted). "If those allegations establish federal claims, [subject-matter] jurisdiction exists." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009).

## ANALYSIS

The United States argues that it is entitled to sovereign immunity from Pablo Air's claims. Sovereign immunity shields the United States Government from suit unless Congress has "unequivocally expressed" in statute its consent to be sued. *United States v. Bormes*, 568 U.S. 6, 9 (2012) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992)); *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012) (collecting cases). "Sovereign immunity is jurisdictional in nature. Indeed the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, is a limited waiver of sovereign immunity by which the United States has consented to state law tort actions, subject to certain conditions and exceptions. *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Fed. Express Corp. v. U.S. Postal Serv.*, 151 F.3d 536, 540 (6th Cir. 1998). A relevant exception here is the interference with contract exception. "Section 2680(h) [of the FTCA] excludes any claim arising out of interference with present or future contract rights." *Martinek v. United States*, 254 F. Supp. 2d 777, 790–91 (S.D. Ohio 2003) (collecting cases). The "interference with contract rights" exception bars claims arising out of contract rights regardless of how the

claim is labeled. *See Dupree v. United States*, 264 F.2d 140, 141 (3d Cir. 1959) (holding that § 2680(h) bars claims for damages for negligent interference with future employment); *see also Milligan v. United States*, 670 F.3d 686, 695 (6th Cir. 2012) ("A plaintiff may not use semantics to recast the substance of the claim so as to avoid a statutory exception.").

The United States argues that Pablo Air's negligence and conversion claims are barred by the § 2680(h) exception for interference with contract rights regardless of the labels Pablo Air places on the claims. The United States explains that § 2680(h) bars claims when a plaintiff alleges the government's conduct concerning a credential or other authorization impacts business opportunities. (Def. Reply, ECF No. 15, at PageID # 122–23 (citing *Safari Aviation, Inc. v. United States*, No. CIV 07-00078 ACK-KSC, 2008 WL 1960145 (D. Haw. May 2, 2008)).) Here, following the United States' reasoning, disposing of the Certificate interfered with Pablo Air's contract rights and business opportunities by impeding the new lease it sought to effectuate for the Cessna 414 aircraft associated with the Certificate. (Def. Mot., ECF No. 8, at PageID # 85; Compl. ¶¶ 17, 20.)

Although it is a dispositive issue, Pablo Air does not address the United States' contract exception argument. (*See* Pl. Resp., ECF No. 14.) The closest Pablo Air comes to countering the United States' arguments is when it disclaims damages based on "prospective business relationships." (*Id.* at PageID # 113.) Instead, Pablo Air asserts that it suffered damages "based upon an intrusion and illegal disposal of property rights on behalf of the federal government" because it had "property rights with regards to the certificate." (*Id.*) The United States counters that "the sum and substance of Plaintiff's complaint is that the government's improper treatment of the certificate interfered in its plan to lease the airplane." (Reply, ECF No. 15, at PageID # 122.) Thus, according to the United States, Pablo Air's Complaint "arises out of interference with

4

contract rights regardless of how the company labels its claims." (*Id.*)  The Court agrees with the United States.

Pablo Air's claims are barred by § 2680(h) because its claims arise out of interference with contract rights.  While Pablo Air claims it suffered damages because Inspector Swingle disposed of the Certificate, the Certificate had no value independent of what it authorized: Pablo Air's ability to lease the aircraft to potential consumers.  Nor does it matter that Pablo Air's negligence and conversion claims are not labeled as interference with contract.  *See, e.g.*, *Dupree*, 264 F.2d at 141 (§ 2680(h) bars claims for damages for negligent interference with future employment); *Safari Aviation*, 2008 WL 1960145, at *10–11.

*Safari Aviation* is particularly illustrative.  There, Safari Aviation, Inc. contracted with Village Air, Inc. to provide air cargo and passenger services to American Samoa.  2008 WL 1960145, at *1.  To provide those services, Village Air had to obtain an FAA Air Carrier Certificate and authorization from the Department of Transportation ("DOT").  *Id.*  Village Air obtained an FAA Certificate, but it failed to obtain the required authorization from DOT.  *Id.*  Because Village Air failed to obtain DOT authorization, it ceased its operations and Safari lost a business opportunity.  *Id.*  Safari sued the United States pursuant to the FTCA, alleging that the FAA negligently granted a Certificate to Village Air.  *Id.*  The District Court of Hawaii ruled that Safari's claims were barred by § 2680(h) because the allegedly negligent acts fell under the interference with contract rights exception.  *Id.* at *10–11.  Specifically, Safari's claim was barred because the alleged underlying conduct—the decision to issue an FAA Certificate—"resulted in reducing or eliminating the profit Safari anticipated receiving" from its future business dealings.  *Id.*

The same reasoning applies here.  The Certificate provided Pablo Air with prospective business opportunities via Island Seas, LLC, and Pablo Air intended to use the Certificate for

operating the Cessna 414 "under a new exclusive use dry lease agreement." (Compl. ¶ 20.) Thus, it does not matter that Pablo Air's claims are for negligence and conversion; its damages solely arise from the United States' alleged interference reducing the profit Pablo Air could receive from its future business dealings by leasing the Cessna 414 aircraft. Pablo Air cites no authority to support its contention that the Certificate had some independent value as "personal property."

Accordingly, the Court finds that Pablo Air's claims fall within the "interference with contract rights" exception to the FTCA's limited waiver of the United States's sovereign immunity. *See* 28 U.S.C. § 2680(h). The United States is entitled to sovereign immunity and, thus, the Court **GRANTS** the United States's Motion to Dismiss.[1]

**CONCLUSION**

For the reasons above, the United States's Motion to Dismiss (ECF No. 8) is **GRANTED**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** and **TERMINATE** this case from the Court's docket.

**IT IS SO ORDERED.**

| | |
|---|---|
| **8/1/2024** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |

---

[1] Because the Court finds that the United States is entitled to dismissal under its § 2680(h) argument, the Court does not address the Parties' remaining arguments. (*See* Mot., ECF No. 8, at PageID # 90 (arguing that Pablo Air fails to allege state law duty for its negligence claim), 95 (arguing that the FTCA's detention of goods exception bars Pablo Air's claim).)