UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PABLO AIR CHARTER, LLC, f/k/a
TAC CHARTER SERVICES, LLC,**

      **Plaintiff,**    Case No. 2:23-cv-2629
                                Judge Edmund A. Sargus, Jr.
  v.  Magistrate Judge Chelsey M. Vascura

**UNITED STATES OF AMERICA,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Pablo Air Charter, LLC's Motion for Reconsideration of Opinion and Order. (Mot., ECF No. 18.) On August 1, 2024, this Court granted Defendant United States of America's motion to dismiss Pablo Air's claims against it, concluding that the United States was entitled to sovereign immunity. (Opinion and Order, ECF No. 16, PageID 134.) Pablo Air moves this Court under Rule 59(e) of the Federal Rules of Civil Procedure to amend its judgment of dismissal. (Mot., PageID 136.) The United States filed a response in opposition. (Resp., ECF No. 19.) The Court **DENIES** Pablo Air's Motion for the reasons stated in this Opinion and Order.

## LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure permits a district court to correct its errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). It is within the sound discretion of the district court whether to grant relief under Rule 59(e). *In re Ford Motor Co., Sec. Litig. Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). To be granted, "[a] Rule 59(e) motion must present newly discovered evidence or clearly establish a manifest error of law." *D.E. v. John Doe*, 834

F.3d 723, 728 (6th Cir. 2016).

Motions to reconsider are "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Ne. Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009) (Marbley, J.). To "discourage the filing of endless motions for reconsideration" and in the interest of "grant[ing] some measure of finality . . . courts should grant motions for reconsideration sparingly." *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, No. 2:06-cv-0745, 2009 U.S. Dist. LEXIS 120011, at *4 (S.D. Ohio Dec. 22, 2009) (Marbley, J.).

## ANALYSIS

Pablo Air sued the United States for negligence and conversion after the Federal Aviation Administration ("FAA") accepted the surrender of Pablo Air's operating certificate (the "Certificate") by the "pilot in command" of Island Seas, LLC. (Opinion and Order, PageID 129–30.) Because it no longer held the Certificate, Pablo Air could not operate a Cessna 414 aircraft it purchased (along with the Certificate) from Island Seas. (*Id.*) In its complaint, Pablo Air stated that it intended to operate the Cessna 414 "under a new exclusive use dry lease agreement." (ECF No. 1, ¶ 20.)

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, the United States waives its sovereign immunity for state law tort actions, subject to certain conditions and exceptions. *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Fed. Express Corp. v. U.S. Postal Serv.*, 151 F.3d 536, 540 (6th Cir. 1998). Under the "interference with contract rights" exception to this immunity waiver, the United States retains its sovereign immunity for claims arising out of contract rights regardless of how the claim is labeled. *See Dupree v. United States*, 264 F.2d 140, 141 (3d Cir. 1959) (holding that 28 U.S.C. § 2680(h) bars claims for damages for negligent

2

interference with future employment); *see also Milligan v. United States*, 670 F.3d 686, 695 (6th Cir. 2012) ("A plaintiff may not use semantics to recast the substance of the claim so as to avoid a statutory exception.").

In its Opinion and Order, the Court concluded that the United States was entitled to sovereign immunity on Pablo Air's claims because they arose from contract rights. (Opinion and Order, PageID 134.) The Court held that Pablo Air's alleged damages "solely arise from the United States'[s] alleged interference reducing the profit Pablo Air could receive from its future business dealings by leasing the Cessna 414 aircraft." (*Id.*)

Pablo Air argues that the Certificate has intrinsic value as property apart from its value for use in future contracts. (Mot., PageID 139–40.) The Court already considered this argument as part of its Opinion and Order. (*See* Opinion and Order, PageID 132 ("Pablo Air asserts that it suffered damages . . . because it had 'property rights with regards to the certificate.'" (quoting ECF No. 14, PageID 113.)).) The Court held that, regardless of how Pablo Air labels its claims as relating to property rights, "its claims arise out of interference with contract rights." (*Id.* PageID 133.) Ultimately, "the Certificate had no value independent of what it authorized: Pablo Air's ability to lease the aircraft to potential consumers." (*Id.*)

In the Motion, Pablo Air relies in part on a California federal district court case where the court stated that the $250,000 purchase price of an interest in the plaintiff limited liability company "reflected the value of a hard-to-acquire Part 135 certificate" held by the plaintiff, the same type of document as the Certificate in question here. *Vernon Aviation, LLC v. Lone Sky Aero Advisors, LLC*, No. EDCV 21-2087-JGB (KKx), 2022 WL 2288021, at *2 (C.D. Cal. Feb. 2, 2022). But there is no tension between that court's statement (which was background information not central to the holding) and this Court's conclusion that the Certificate has value because it allows the

3

holder to lawfully operate certain commercial aircrafts. The *Vernon Aviation* case does not reveal a manifest error of law in this Court's analysis.

Pablo Air also relies on a sworn affidavit of Robert Lowe, owner of Pablo Air. (ECF No. 18-1.) In the affidavit, Mr. Lowe attests that "14 CFR Part 135 Certificates carry a significant amount of value. This is because they enable the owner of the certificate to conduct commercial air transport operations." (*Id.* ¶ 5.) As Pablo Air's reliance on Mr. Lowe's affidavit makes clear, Pablo Air and the Court share the understanding that the Certificate's value is inseparable from what the Certificate authorizes the holder to do. Accordingly, when the FAA accepted the surrender of the Certificate, Pablo Air was rendered unable to operate the Cessna 414 "under a new exclusive use dry lease agreement," an issue which sounds in contract law. (ECF No. 1, ¶ 20.) Regardless, Pablo Air does not explain why Mr. Lowe's affidavit could not have been ascribed and filed earlier, so it is not newly discovered evidence.

Ultimately, Pablo Air's Motion sheds no new light on the Court's conclusion that its claims arise out of contract rights. There is no manifest error of law in the Court's conclusion that the "interference with contract rights" exception to the United States's waiver of sovereign immunity under the FTCA applies to Pablo Air's claims.

## CONCLUSION

For the reasons stated in this Opinion and Order, the Court **DENIES** Pablo Air's Motion for Reconsideration of Opinion and Order. (ECF No. 18.) This case remains closed.

**IT IS SO ORDERED.**

**3/7/2025**　　　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

4